UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 11-CV-20102-MARTINEZ/BROWN

JASON GALVAO,
and other similarly situated individuals,

       Plaintiff,

  v.

MANPOWER PROFESSIONAL SERVICES,
INC.,

       Defendant.
_____

**DEFENDANT MANPOWER PROFESSIONAL SERVICES, INC.'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Manpower Professional Services, Inc. ("Manpower"), by counsel, submits the following Answer and Additional Defenses to Plaintiff's Complaint (Dkt. No. 1; Complaint):

1. Upon information and belief, Manpower admits that Plaintiff resides in Miami-Dade County.

2. Manpower denies the allegations contained in Paragraph 2 of the Complaint, except to admit that jurisdiction is proper in this Court.

3. Manpower admits that Plaintiff seeks to state claims under the Family and Medical Leave Act, 29 U.S.C. ¶ 2601, *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* Manpower further admits that Plaintiff seeks the relief requested in Paragraph 3 of the Complaint but denies that Plaintiff is entitled to any relief whatsoever. The remaining allegations in

Paragraph 3 of the Complaint contain conclusions of law and therefore Manpower neither admits nor denies the same, except to admit that jurisdiction is proper in this Court.

4. Manpower admits that Plaintiff seeks the relief stated in Paragraph 4 of the Complaint but denies that Plaintiff is entitled to any relief whatsoever. The remaining allegations in Paragraph 4 of the Complaint contain conclusions of law which do not require a response and Manpower therefore neither admits nor denies the same.

5. Manpower denies the allegations contained in Paragraph 5 of the Complaint insofar as Plaintiff is not asserting claims under the Americans with Disabilities Act or Title VII of the Civil Rights Act of 1964.

6. Paragraph 6 of the Complaint contains conclusions of law which do not require a response and Manpower therefore neither admits nor denies the same.

7. Paragraph 7 of the Complaint contains conclusions of law which do not require a response and Manpower therefore neither admits nor denies the same, except to admit that jurisdiction is proper in this Court.

8. Manpower admits the allegations contained in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains conclusions of law which do no require a response and Manpower therefore neither admits nor denies the same.

10. Manpower admits that it employed Plaintiff. Manpower denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Manpower denies the allegations contained in Paragraph 11 of the Complaint.

12. Manpower denies the allegations contained in Paragraph 12 of the Complaint.

13. Manpower denies the allegations contained in Paragraph 13 of the Complaint.

14. Manpower admits that Plaintiff was terminated from its employment on or about October 25, 2010. Manpower denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Manpower denies the allegations contained in paragraph 15 except to admit that Plaintiff received an overall rating of "meets expectations" in his 2009 performance review. .

16. Manpower admits the allegations contained in Paragraph 16 of the Complaint.

17. Manpower does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 17 of the Complaint; and therefore, denies the allegations.

18. Paragraph 18 of the Complaint contains conclusions of law which do not require a response and Manpower therefore neither admits nor denies the same.

Manpower admits that Plaintiff requests a trial by jury.

## COUNT I-INTERFERENCE WITH FMLA RIGHTS

19. Manpower incorporates herein the above responses to Paragraphs 1 through 18 of the Complaint.

20. Manpower denies the allegations contained in Paragraph 20 of the Complaint.

21. Manpower denies the allegations contained in Paragraph 21 of the Complaint.

22. Manpower denies the allegations contained in Paragraph 22 of the Complaint.

Manpower denies that Plaintiff is entitled to the relief prayed for in the WHEREFORE Paragraph, and further denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II-RETALIATION FOR EXERCISING FMLA RIGHTS

23. Manpower incorporates herein the above responses to Paragraphs 1 through 22 of the Complaint.

24. Manpower denies the allegations contained in Paragraph 24 of the Complaint.

25. Manpower denies the allegations contained in Paragraph 25 of the Complaint.

26. Manpower denies the allegations contained in Paragraph 26 of the Complaint.

Manpower denies that Plaintiff is entitled to the relief prayed for in the WHEREFORE Paragraph, and further denies that Plaintiff is entitled to any relief whatsoever.

Manpower admits that Plaintiff requests a trial by jury.

### COUNT III-WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST DEFENDANT

27. Manpower incorporates herein the above responses to Paragraphs 1 through 18 of the Complaint.

28. Manpower admits that Plaintiff purports to bring this collective action on behalf of himself and other current and former employees similarly situated to recover overtime compensation and other relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* but denies that Plaintiff is entitled to any relief whatsoever.

29. Paragraph 29 of the Complaint contains conclusions of law which do not require a response and Manpower therefore neither admits nor denies the same, except to admit that jurisdiction is proper in this Court.

30. Manpower admits that it is engaged in interstate commerce as alleged in Paragraph 30 of the Complaint.

31. Manpower admits that its annual gross revenue was at all material times in excess of $500,000 per year. The remaining allegations in Paragraph 31 of the Complaint contain conclusions of law which do not require a response and Manpower therefore neither admits nor denies the same.

32. Manpower admits that Plaintiff was employed by Manpower as a recruiter and that Manpower engages in the business of offering a wide range of

staffing services for its clients. The remaining allegations in Paragraph 32 of the Complaint contain conclusions of law which do not require a response and Manpower therefore neither admits nor denies the same.

33. Pursuant to 29 U.S.C. § 213 and 29 C.F.R. § 541, Plaintiff, and those similarly situated to him, were exempt under the FLSA; and therefore, Manpower denies the allegations contained in Paragraph 33 of the Complaint. Manpower further denies that Plaintiff worked an average of 55 hours per week.

34. Pursuant to 29 U.S.C. § 213 and 29 C.F.R. § 541, Plaintiff, and those similarly situated to him, were exempt under the FLSA; and therefore, Manpower denies the allegations contained in Paragraph 34 of the Complaint.

35. Manpower admits that Plaintiff is seeking relief the requested in Paragraph 35 of the Complaint but denies that Plaintiff is entitled to any relief whatsoever.

36. Pursuant to 29 U.S.C. § 213 and 29 C.F.R. § 541, Plaintiff, and those similarly situated to him, were exempt under the FLSA; and therefore, Manpower denies the allegations contained in Paragraph 36 of the Complaint.

37. Pursuant to 29 U.S.C. § 213 and 29 C.F.R. § 541, Plaintiff, and those similarly situated to him, were exempt under the FLSA; and therefore, Manpower denies that it failed to pay overtime compensation as required by the Fair Labor Standards Act. Manpower further denies that it failed to comply with the posting requirements of the FLSA. .

38. Manpower denies the allegations contained in Paragraph 38 of the Complaint.

39. Manpower does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 39 of the Complaint; and therefore, denies the allegations.

Manpower denies that Plaintiff is entitled to the relief sought in the "Wherefore" clause following Paragraph 39 of the Complaint or any other relief whatsoever from Manpower.

Manpower denies all allegations contained in the Complaint unless specifically admitted herein.

Manpower admits that Plaintiff requests a trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Some or all of Plaintiff's claims fail to state a cause of action as a matter of law.

### Second Affirmative Defense

Plaintiff's claims are subject to arbitration pursuant to an Employment Agreement that Plaintiff signed in connection with his employment with Manpower.

### Third Affirmative Defense

Plaintiff failed to request leave or place Manpower on notice of a need for leave under the FMLA.  Therefore, Manpower could not have interfered with Plaintiff's FMLA rights or retaliated against him for requesting FMLA leave.

### Fourth Affirmative Defense

Plaintiff has not alleged and did not provide evidence to Manpower that he suffered from a "serious health condition" within the meaning of the FMLA and therefore had no right to leave under the FMLA.

### Fifth Affirmative Defense

Manpower fully complied with its obligations under the FMLA at all times with respect to Plaintiff.  Any act or omission by Manpower giving rise to Plaintiff's claim for relief under the FMLA, which is expressly denied, was made in good faith and Manpower had reasonable grounds for believing that its act or omission was not a violation of the FMLA.

### Sixth Affirmative Defense

Plaintiff's Complaint and each cause of action therein fail to state facts sufficient to entitle Plaintiff to an award of compensatory or liquidated damages. Plaintiff's claims for liquidated damages are further barred because Manpower did not act in bad faith or willfully violate the FMLA.

### Seventh Affirmative Defense

Manpower reserves the right to assert as a defense, should the facts upon completion of discovery establish it, that some or all of Plaintiff's claims and/or his demands for relief are barred or otherwise not actionable because of the after-acquired evidence doctrine.

### Eighth Affirmative Defense

To the extent that Plaintiff has failed to mitigate his damages, Plaintiff's entitlement to which is expressly denied, Plaintiff's damages are barred in whole or in part.

### Ninth Affirmative Defense

Manpower is entitled to a setoff for any payments made to or on behalf of Plaintiff by any statutory collateral source.

### Tenth Affirmative Defense

Plaintiff was exempt from the coverage of the FLSA, and pursuant to 29 U.S.C. §213 and 29 C.F.R. §541, Plaintiff is not entitled to any overtime compensation.

### Eleventh Affirmative Defense

Should the facts as developed in discovery support such a defense, Manpower reserves the right to assert the defense that Plaintiff's claims are barred by the applicable statute of limitations.

### Twelfth Affirmative Defense

Manpower has acted in good faith at all times relevant to Plaintiff's claims and reasonably believes it has not violated the FLSA under the circumstances.

### Thirteenth Affirmative Defense

If it is determined that Plaintiff is entitled to any relief for overtime compensation, Manpower contends that Plaintiff is limited to payment for overtime hours at one-half his hourly rate.

### Fourteenth Affirmative Defense

Any violation of the FLSA, which Manpower denies, was not willful and, therefore, the two year statute of limitation applies to Plaintiff's claims under the FLSA.

### Fifteenth Affirmative Defense

If it is determined that Plaintiff is entitled to any relief for overtime compensation, Manpower reserves the right to assert the defense that any award should be offset by any overpayment made to Plaintiff to which he was not entitled to during his employment.

### Sixteenth Affirmative Defense

Plaintiff has not satisfied and cannot satisfy the requirements for certification of any type of class under the FLSA, Rule 23 of the Federal Rules of Civil Procedure and/or state law, whichever may be applicable, and this action may not be properly maintained as any type of class action, collective action, or representative action because:

(i) Plaintiff has failed to plead and/or cannot establish the necessary procedural elements and requirements for treatment as such an action, and such treatment is neither appropriate nor constitutional; and/or

(ii) such an action is not an appropriate method for the fair and efficient adjudication of the claims described in the Complaint; and/or

(iii) common issues of fact or law which are of legal significance do not predominate, any common facts or law are insignificant compared to the individual facts and issues particular to the Plaintiff and the putative class

members she purports to represent, and/or individual issues predominate which will require a detailed, fact-specific and individualized inquiry that must be decided employee-by-employee for each and every work day and/or work week; and/or

(iv) Plaintiff is not similarly situated to any of the putative class members he purports to represent and his claims are not representative or typical of those of such putative class members; and/or

(v) Plaintiff is not a proper class representatives or representative plaintiff; and/or

(vi) the named Plaintiff and alleged putative class counsel are not adequate representatives for any alleged putative classes because they are not able to fairly and adequately represent and protect the interests of all of the putative class members they purport to represent; and/or

(vii) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the putative class members he purports to represent; and/or

(viii) any alleged putative classes are not ascertainable, nor are their members identifiable; and/or

(ix) to the extent any alleged putative classes are ascertainable and their members are identifiable, the number of putative class members is too small to meet the numerosity requirement or is not so large that joinder of the individual members would not be impractical; and/or

(x) a far speedier administrative remedy before state and/or federal administrative agencies is available to Plaintiff and the putative class members she purports to represent, and, therefore, treatment as a class action, collective action or representative action is not the superior method for resolving the alleged claims.

### Seventeenth Affirmative Defense

Manpower intends to rely on all other provable defenses applicable to the facts of this action.  Manpower reserves the right to raise additional affirmative defenses later determined to be applicable through discovery or otherwise.

Based on the foregoing, Manpower, by counsel, requests the Court to enter an Order dismissing Plaintiff's Complaint, with prejudice; granting Manpower the costs and attorneys' fees expended herein; and granting such other relief as the Court deems just and proper.

Dated:   March 15, 2011.

McGuireWoods LLP

*/s/ Nancy A. Beyer Benton*
Nancy A. Beyer Benton
Florida Bar No. 0059688
nbeyerbenton@mcguirewoods.com
50 North Laura Street, Suite 3300
Jacksonville, Florida  32202
Telephone:  (904) 798-2611
Facsimile:  (904) 798-3266
Counsel for Defendant Manpower
Professional Services, Inc.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the forgoing was filed with the Clerk of the Court using the CM/ECF system which will send notice of the electronic filing on March 15, 2011, to:

Jason S. Remer, Esquire
Remer & Georges-Pierre, PLLC
Biscayne Center
11900 Biscayne Blvd
Suite 288
Miami, Florida 33181

/s/Nancy A. Beyer Benton
Attorney

\29630528.3